IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LAVELLE PATTERSON, | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 19-CV-2512 |
| | : |
| BRAHEEN BUTCHER, | : |
| Defendant. | : |

FILED
JUN 14 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**BAYLSON, J.**  JUNE 14, 2019

*Pro se* Plaintiff Lavell Patterson has filed a civil action against Defendant Braheen Butcher using the Court's form Complaint. Because it appears that Patterson is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the federal law claims in the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the state law claims will be dismissed without prejudice.

## I. FACTS

On his Complaint, Patterson checked the boxes indicating that he seeks to invoke the Court's jurisdiction on both "Federal Questions" and "Diversity of Citizenship." (ECF No. 2 at 4.)[1] He alleges that on April 5, 2019 he filed rape charges against Defendant Butcher. (*Id.* at 5.) He met with a Chester Police Detective on May 30, 2019 to discuss the charge, but the Detective hesitated to file the charge due to Patterson having no physical evidence. He asserts that he is "filing the civil lawsuit primarily to [indecipherable] monetary damages from Braheen Butcher

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

in accordance w/ PA statute of limitations to file which is two years." (*Id.*) He alleges that Butcher is the son of a former police officer and he lives in fear of losing his life. (*Id.*)

This is not the first time Patterson has sued Butcher. In Civil Action 18-4410, Patterson sued Butcher, along with the Chester Police Department, Ridley Township, and others, alleging civil rights claims and state law claims. After his original Complaint and Amended Complaint were each dismissed without prejudice due to pleading defects identified by the Court, Patterson filed a Second Amended Complaint on December 28, 2018. (Civil Action 18-4410, ECF No. 14.) In a Memorandum and Order entered on January 18, 2109, the federal law claims against Butcher contained in the Second Amended Complaint were dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii), and his state law claims were dismissed without prejudice for lack of subject matter jurisdiction. (Civil Action 18-4410, ECF No. 15.) Because Patterson had received several opportunities to amend and failed to cure the defects identified by the Court in his pleadings, the Court determined that any further attempt at amendment would be futile.

## II. STANDARD OF REVIEW

The Court will grant Patterson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Patterson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Since Patterson checked the box indicating he seeks to invoke the Court's federal question jurisdiction, the Court again assumes he seeks to bring a civil rights claim against Defendant Butcher pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There is no allegation that Butcher is a "state actor" subject to liability under § 1983. The fact that Butcher may be the son of a police officer does not satisfy the state action requirement. Accordingly, there being no other apparent basis for the exercise of federal question jurisdiction over Patterson's allegation that he was raped, the federal question claims must be dismissed pursuant to § 1915(e)(2)(B)(ii).[2]

---

[2] The Court's prior dismissal of Patterson's claims also bars the current claims under the doctrine of *res judicata* and his federal claims are also subject to dismissal with prejudice as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Bd. of Trustees of Trucking Employees v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992) (holding that, under the doctrine of *res judicata* or claim preclusion, a subsequent suit based on the same cause of action as a prior suit that involved

3

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.³ Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

Patterson has not alleged his own state citizenship nor the state citizenship of Defendant Butcher. He has filed his Complaint using a post office box address and provided no address for Butcher. He has also not alleged an amount in controversy. Accordingly, the state law claim will again be dismissed without prejudice for want of subject matter jurisdiction.

Since the Court has already granted Patterson several opportunities to amend and he has failed to cure the defects the Court has noted, any further amendment will be futile. An appropriate Order will be entered.

BY THE COURT:

/s/ MICHAEL M. BAYLSON

**MICHAEL M. BAYLSON, J.**

---

the same parties, or their privies is barred where there has been a final judgment on the merits in the prior suit).

³ Although Patterson has not specifically alleged any state law claim, the Court assumes he intended to assert an assault and battery claim under Pennsylvania law.

4